UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,                                  CASE NO. 11-20681
                                              HON. LAWRENCE P. ZATKOFF

v.

TOMMY GREEN JR.,

    Defendant.
_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the
United States Courthouse, in the City of Port Huron,
State of Michigan, on May 1, 2012

       This matter is before the Court on Defendant's Motion for Bond Pending Surrender (Docket #26). Defendant's counsel represents that he sought concurrence in the relief sought with both the Government and the U.S. Probation Department, neither of whom opposes the relief sought.

       Defendant, who was on bond during the pendency of this case against him, appeared before the Court for sentencing on April 19, 2012. On that date, the Court imposed a 21-month sentence on Defendant and remanded Defendant into custody. As Defendant notes in his motion, the Court's decision to remand Defendant into custody was "based upon two outstanding misdemeanor warrants out of Ohio." Likewise, Defendant notes that "[t]he Court indicated it would entertain defense counsel's Motion when appropriate."

       Defendant fails to note, however, the following:

       (1)       The Court instructed that it would consider a motion for bond pending surrender once Defendant had resolved the two outstanding warrants issued against Defendant. Defendant's motion evidences that neither warrant has

been resolved as neither of the courts "will writ [Defendant] out or will assist in transporting him to the Court to resolve the matters." Thus, the Court concludes that it is not yet an "appropriate" time to entertain a motion for bond with respect to Defendant.

(2) Defendant has an extensive history of criminal activity, much of which involves alcohol and/or drug abuse. There is no indication that Defendant is suddenly prepared to live, and/or is capable of living, a life free of drug and/or alcohol abuse–or criminal activity.

(3) While on bond pending his sentencing, Defendant was arrested in Georgia for driving a motor vehicle while license suspended, having an open intoxicant in the vehicle and driving on the wrong side of the road–while two students/adolescents were in the car with him. Moreover, Defendant did not report any of these bond violations to his pretrial services officer.

For these reasons, the Court is not persuaded by Defendant's motion that Defendant should be returned to bond status. Moreover, based on Defendant's continued abuse of alcohol and/or drugs and the illegal activity Defendant has continued to engage in while on bond, specifically, driving on a suspended license and under the influence of alcohol, the Court concludes that the interests of justice, namely the safety of the public, weigh heavily against allowing Defendant to be released on bond.

Accordingly, and for the reasons set forth above, Defendant's Motion for Bond Pending Surrender (Docket #26) is DENIED.

IT IS SO ORDERED.

        S/Lawrence P. Zatkoff
        LAWRENCE P. ZATKOFF
        UNITED STATES DISTRICT JUDGE

Dated: May 1, 2012

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on May 1, 2012.

S/Marie E. Verlinde  
Case Manager  
(810) 984-3290